01

02

03

04

05

06                                UNITED STATES DISTRICT COURT
                                 WESTERN DISTRICT OF WASHINGTON
07                                        AT SEATTLE

08   RAYNE DEE WELLS, JR.,                        )
                                                  )   CASE NO. C10-1235-JLR-MAT
09                        Petitioner,             )
                                                  )
10        v.                                      )   ORDER RE: PENDING MOTIONS
                                                  )
11   RON VAN BOENING,                             )
                                                  )
12                        Respondent.             )
     _____  )
13

14         Petitioner, proceeding *pro se* in this 28 U.S.C. § 2254 habeas proceeding, filed a Motion

15   for Appointment of Counsel (Dkt. 12), a Motion for Discovery (Dkt. 14), and a Motion for

16   Extension of Time to File a Reply Traverse (Dkt. 16).   Having considering the pending

17   motions, the Court finds and concludes as follows:

18         (1)    Petitioner's motion for appointment of counsel (Dkt. 12)[1] is DENIED.   There

19   is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an

20   evidentiary hearing is required.   *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir.

21   _____

22         1 Petitioner included an application to proceed *in forma pauperis* (IFP) with his motion for
     appointment of counsel.   However, because petitioner already paid the filing fee in this matter, the
     Court considers herein only the request for appointment of counsel.

     ORDER RE: PENDING MOTIONS
     PAGE -1

01   1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules

02   Governing Section 2254 Cases in the United States District Courts.   The Court may exercise

03   its discretion to appoint counsel for a financially eligible individual where the "interests of

04   justice so require."   18 U.S.C. § 3006A.   Here, petitioner fails to demonstrate that the interests

05   of justice are best served by appointment of counsel at the present time.

06         (2)      Petitioner seeks an extension of time to file a traverse in support of his habeas

07   petition.   (Dkt. 16.)   He points, in support of his request, to his multiple transfers, extensive

08   periods of segregation, and his inability to access his legal materials.   Because the Court finds

09   this request reasonable under the circumstances as explained by petitioner, and because the

10   Court finds additional information necessary in this matter as described below, petitioner's

11   motion for an extension of time to submit a traverse (Dkt. 16) is GRANTED.   Petitioner shall

12   submit a response to the Answer on or before **January 3, 2011**.   Respondent shall submit a

13   reply on or before **January 7, 2011**, and respondent's Answer is RENOTED for consideration

14   as of that same date.

15         (3)      Petitioner also seeks to conduct discovery in this matter.   (Dkt. 14.)   As

16   observed by respondent in his objection to the motion for discovery (Dkt. 15), petitioner

17   appears to argue that the record does not include all of the collateral attacks he filed in relation

18   to the conviction at issue in this habeas proceeding and, therefore, the evidence showing he has

19   properly exhausted all of his claims.   Petitioner seeks, in part, records associated with (1) the

20   state court proceedings associated with this habeas petition (*State v. Wells*, Skagit County

21   Cause No. 03-1-00690-3); and (2) a separate civil action between petitioner and the City of

22   Burlington initiated in 2009 (*Wells v. City of Burlington*, Skagit County Cause No.

ORDER RE: PENDING MOTIONS
PAGE -2

01 09-2-01562-0 and Supreme Court No. 84789-4).   (Dkt. 14.)   As argued by respondent,

02 however, petitioner's contentions as to the existence of additional collateral attacks and the

03 exhaustion of his claims should be raised in petitioner's traverse.   Moreover, in so doing,

04 petitioner must provide more detail in support of his contentions and directly respond to the

05 arguments raised in respondent's objection to the motion for discovery.   Respondent, in his

06 reply, shall respond to petitioner's arguments and confirm his position as to the question of

07 whether the record in this matter is complete.   The submission of petitioner's traverse and

08 respondent's reply will provide the information necessary for the Court's consideration of

09 petitioner's motion for discovery.   Petitioner's motion for discovery (Dkt. 14) is, accordingly,

10 RENOTED for consideration on **January 7, 2011**.

11 (4)     Petitioner failed to note any of his motions in accordance with Local Civil Rule

12 7.  Petitioner is advised that, in the future, any motions he files should be properly noted in

13 accordance with the local rules.   *See* Local CR 7(b)(1) (requiring the inclusion of a noting date

14 in the caption of the motion) and CR 7(d)(2), (3) (requiring most nondispositive motions filed

15 in a case involving a party under civil or criminal confinement to be noted no earlier than the

16 third Friday after filing and service of the motion).

17 (5)     The Clerk is directed to send a copy of this Order to the parties and to the

18 Honorable James L. Robart.

19 DATED this 17th day of November, 2010.

20

21

22 Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE -3